# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

ASATA D. LOWE,                    )
                                  )
            Petitioner,           )
                                  )
v.                                )        No.: 3:22-CV-42-KAC-DCP
                                  )
MIKE PARRIS,                      )
                                  )
            Respondent.           )

## MEMORANDUM AND ORDER

Petitioner Asata D. Lowe, an inmate in the custody of the Tennessee Department of Correction who is proceeding pro se, filed a federal habeas petition under 28 U.S.C. § 2254. Petitioner also filed a motion to amend his petition for clarity [Doc. 5]. For the reasons set forth below, (1) the Court **GRANTS** Petitioner's motion to amend his petition [Doc. 5], (2) Respondent will not be required to respond, and (3) the Court **DISMISSES** the amended petition **WITH PREJUDICE**.

Petitioner does not identify the precise judgment forming the basis of his federal habeas petition. But he does allege that he is seeking to challenge certain pre-trial criminal proceedings that occurred in Blount County, Tennessee in 1998 that allegedly led to the relevant judgment against him [*See* Docs. 1 and 5-1]. The Court takes judicial notice that Petitioner is confined under Blount County judgments of conviction for first-degree murder and especially aggravated robbery from 2000, that involved events that occurred in 1998. *See Asata D. Lowe v. James Fortner*, No. 3:08-cv-489 (E.D. Tenn. Mar. 23, 2010), Doc. 45; *See* Tennessee Department of Correction,

"Felony Offender Information Search," https://apps.tn.gov/foil/search.jsp (last visited April 13, 2022).[1]

Petitioner has already filed at least one unsuccessful Section 2254 petition challenging the judgments he seeks to challenge in the instant petition. *See Asata D. Lowe v. James Fortner*, No. 3:08-cv-489 (E.D. Tenn. Mar. 23, 2010). The Antiterrorism and Effective Death Penalty Act requires that an applicant seeking to file a second or successive petition first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The Court has not received an order from the Sixth Circuit authorizing the Court to consider the pending petition.

Petitioner has previously filed numerous second or successive habeas corpus petitions. *See, e.g., Lowe v. State of Tennessee*, No. 3:14-cv-318 (E.D. Tenn. Oct. 20, 2014) (denying petition as second or successive), *appeal dismissed*, No. 14-6208 (6th Cir. Nov. 14, 2014); *Lowe v. Sexton*, No. 3:13-cv-456 (E.D. Tenn. Aug. 7, 2013) (denying petition as second or successive), *appeal dismissed*, No. 13-6490 (6th Cir. June 13, 2014); *Lowe v. Westbrook*, No. 3:11-cv-134 (E.D. Tenn. March 22, 2011) (transferring petition to Sixth Circuit as second or successive petition), *appeal dismissed*, No. 11-5349 (6th Cir. May 5, 2011); *Lowe v. Westbrook*, No. 3:11-cv-80 (E.D. Tenn. Feb. 23, 2011) (transferring petition to Sixth Circuit as second or successive petition), *appeal dismissed*, No. 11-5242 (6th Cir. Mar. 15, 2011).

---

[1] The Court may take judicial notice of information provided by a public authority, and its own records recounting Petitioner's judgments of conviction. *See* Fed. R. Evid. 201(b)(2); *United States v. Doss*, 563 F.2d 265, 269 n.2 (6th Cir. 1977); *see also* Fed. R. Evid. 902(5) (providing that "official publications" are self-authenticating), *Williams v. Long*, 585 F. Supp. 2d 679, 688 n.4 (D. Md. 2008) (finding public authority's act of posting information on Internet is an act of publication under Rule 902(5)).

Moreover, the Sixth Circuit has refused Petitioner's requests to file a second or successive petition. *See, e.g., In re: Asata D. Lowe*, No. 13-6490 (6th Cir. June 13, 2014); *In re: Asata D. Lowe*, No. 13-5161 (6th Cir. Jul. 3, 2013) (order denying Petitioner's motion for authorization to file a second or successive habeas petition). Therefore, Petitioner is aware of the requirements for seeking to file a second or successive petition. Yet he has failed to follow those requirements prior to filing this action. Under these circumstances, the Court **DENIES** the amended petition for writ of habeas corpus as a second or successive petition and **DISMISSES** this action **WITH PREJUDICE**. The Court **DENIES** a certificate of appealability from this decision. 28 U.S.C. § 2253(c).

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be frivolous. Therefore, this Court **DENIES** Petitioner leave to proceed *in forma pauperis* on any subsequent appeal. *See* Fed. R. App. P. 24. **AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

> **SO ORDERED.**

> **ENTER:**

> s/ Katherine A. Crytzer
> KATHERINE A. CRYTZER
> United States District Judge